

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00151-CR

_____

Ex parte Amy Jackson McCaig

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1630964D

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Amy Jackson McCaig (Mother) appeals the trial court's denial of relief on her habeas application seeking supervised visitation with her infant daughter, Mary.[1] Because Mother failed to preserve her argument by timely objecting to the no-contact bond condition, we affirm the trial court's order.

In February 2020, Mother was charged with second-degree-felony attempted injury to a child with intent to cause serious bodily injury.[2] *See* Tex. Penal Code Ann. §§ 15.01(d), 22.04(a)(1). On February 4, her bail was set at $25,000 and with conditions including prohibiting her from contacting Mary or any child under the age of 17. Mother filed a written objection to the bond condition prohibiting her contact with any child under 17 on the basis that it prevented her from earning income through her employment as a hospital labor-and-delivery nurse. Nothing in the record shows that she ever presented that objection to the trial court and obtained a ruling.

After Mother violated the bond conditions in February 2020, her bail was raised to $50,000, with the same prohibitions on contact with minors, including Mary. Mother posted the bond and was released from jail. Six months later, Mother applied for habeas corpus relief, arguing for the first time that the prohibition of contact with

---

[1]We use an alias in an effort to protect the child's identity. *See* 2nd Tex. App. (Fort Worth) Loc. R. 7.

[2]The charge arose from allegations she tried to smother Mary with a pillow.

her children[3] was oppressive. The trial court denied her request for visitation out of its concern for Mary's safety.

Mother now appeals that decision, but she has failed to preserve error because she did not object to the condition[4] at the time it was imposed. We, and several of our sister courts, have held that a party who delays in objecting to a no-contact bond condition fails to preserve error. *Ex parte Layne*, Nos. 12-20-00148-CR, 12-20-00149-CR, 12-20-00150-CR, 12-20-00151-CR, 2020 WL 6788141, at *2–3 (Tex. App.—Tyler Nov. 18, 2020, no pet.) (mem. op., not designated for publication) (collecting cases and holding five-month delay failed to preserve objection to no-contact condition); *Ex parte Martinez*, No. 02-15-00353-CR, 2015 WL 9598924, at *3–4 (Tex. App.—Fort Worth Dec. 31, 2015, no pet.) (mem. op., not designated for publication) (collecting cases and holding similarly for eight-month delay); *Ex parte Thompson*, No. 14-04-00731-CR, 2005 WL 363971, at *1 (Tex. App.—Houston [14th Dist.] Feb. 17, 2005, no pet.) (not designated for publication) (holding similarly).

---

[3]Mother also has a twelve-year-old daughter and requested visitation with her in the habeas application, but Mother's appeal concerns only the denial of her request for visitation with Mary.

[4]Even if we were to consider her initial objection filed in February 2020—which presented different grounds from those in her habeas application—the objection failed to preserve error because she did not present it to the trial court and obtain a ruling. *See* Tex. R. App. P. 33.1(a)(1), (2); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013).

Because Mother has failed to preserve error, we affirm the trial court's order denying habeas relief.[5]

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 7, 2021

---

[5]Nothing in this opinion should be interpreted as limiting the trial court's ability to modify the bond conditions in the future, a possibility that it left open at the time of the hearing.